1  MICHAEL STEINER (State Bar No. 112079)
   mjs@severson.com
2  MAUREEN A. RODGERS (State Bar No. 245876)
   mar@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  One Embarcadero Center, Suite 2600
   San Francisco, CA  94111
5  Telephone:  (415) 398-3344
   Facsimile:  (415) 956-0439
6
   Attorneys for Defendants
7  AMERICA'S SERVICING COMPANY,
   and JOHN STUMPF
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12 | HILDA RAMOS VILLALPANDO,          | Case No.:  CV-07-5901 EMC |
13 |         Plaintiff,                | **NOTICE OF MOTION; DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT** |
14 |     vs.                           | |
15 | AMERICA'S SERVICING COMPANY, JOHN STUMPF, and DOES, ROES, and MOES 1-100 et al., | |
16 |                                    | **Accompanying Documents:** [Proposed] Order |
17 |         Defendants.               | Hearing Date: March 19, 2008
                                         Time:    10:30 a.m.
                                         Dept.:   Courtroom C, 15th Floor
                                         Judge:   Edward Chen |
20 |                                    | Complaint Date:  Nov. 21, 2007
                                         Trial Date:       None |

22 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23     **PLEASE TAKE NOTICE** that on March 19, 2008 at 10:30 a.m., or as soon thereafter as

24 the matter may be heard, in Courtroom C, 15th Floor of the above entitled court, the Honorable

25 Magistrate Edward Chen presiding, located at 450 Golden Gate Avenue, San Francisco,

26 California, defendants America's Servicing and John Stumpf will and hereby do move for an

27 order dismissing the plaintiff's complaint with prejudice or, in the alternative, to order the

28 plaintiff to file a more definite statement.

1       The motion is made pursuant to Federal Rules of Civil Procedure 12(b)(6), 8(e), and 12(e) on the grounds that:

- The complaint fails to state a claim against defendants upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

- The complaint fails to contain averments that are "simple, concise, and direct" Fed. R. Civ. P. 8(e).

- In the alternative only, the complaint is so vague and ambiguous that the Court should order the plaintiff to file a more definite statement. Fed. R. Civ. P. 12(e).

This motion is based upon this notice of motion and motion, the attached memorandum of points and authorities, the pleadings and records on file herein, and such other oral and written material as may be presented at the hearing of this motion.

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendants, America's Servicing Company and John Stumpf, who is erroneously sued as "John Stumph" and "CIO" of America's Servicing Company, (collectively "defendants") request that the plaintiff's complaint be dismissed. Ms. Villalpando, as pro se, filed what she has entitled a "Petition for Libel Review of an Administrative Judgment." Because the defendants cannot ascertain a single cognizable claim from the complaint, this Court should dismiss the complaint for failing to state a cause of action upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). To the extent Court is able to discern a cause of action from the complaint, any claims should be dismissed for failure to plead averments that are "simple, concise, and direct" as required under Fed. R. Civ. P. 8(e).

In the alternative only, defendants request the Court to order plaintiff to make a more definite statement under Fed. R. Civ. P. 12(e) because defendants are unable to file a responsive pleading to the complaint in its current form.

### II.   STATEMENT OF FACTS

Ms. Villalpando's complaint is entirely incomprehensible.[1] In her "Petition For Libel Review of an Administrative Judgment" (hereinafter "complaint" or "Compl."), Ms. Villalpando names America's Servicing Company and John Stumpf as "libellees" and "third party Defendants/Libellees." (*See* Compl. caption.) For purposes of this motion, defendants have assumed they are in fact defendants in this suit, but the complaint is unintelligible as to what legal theories Ms. Villalpando asserts and what relief she seeks from the Court.

Throughout the complaint, Ms. Villalpando makes irrelevant and tangential citations to the bible[2] as well as various Federal statutes without alleging facts that would support a finding

---

[1] Interestingly, Ms. Villalpando's complaint appears to be almost identical (and similarly incomprehensible) to a complaint filed by different plaintiff against Wells Fargo Bank and one of its officers. The case was also filed in the Northern District and the case number is 07-cv-06348 PHJ.

[2] *See* Compl. ¶13 ("The law of the flag: Man is created in the image of God and to reduce a man to chattel against the national debt is an affront to God. Exodus, 13:16 and Genesis 1:27.")

that the defendants violated any such statutes.  Defendants can ascertain no facts from the complaint which have any legal significance.

### III.   LEGAL ARGUMENT

**A.   The Complaint Fails to State A Single Claim Upon Which Relief Can Be Granted**

Ms. Villalpando's complaint as pleaded fails to assert cognizable legal theories upon which relief can be granted and, thus, should be dismissed.  Fed. R. Civ. P. 12(b)(6).

The court can grant a 12(b)(6) motion to dismiss when the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).  To survive a motion to dismiss, a complaint must "put defendants fairly on notice of the claims against them."  *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F.Supp.2d 1096, 1101 (9th Cir. 2003) (citing *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991)).

When evaluating a 12(b)(6) motion to dismiss, the court must accept as true all material allegations in the complaint.  *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 338 (9th Cir. 1996).  However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022, 1035 (9th Cir. 2005); *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981).  Moreover, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss. *National Ass'n for Advancement of Psychoanalysis v. California Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citing *In re VeriFone Securities Litigation*, 11 F.3d 865, 868 (9th Cir.1993)).

Here, the complaint utterly fails to provide defendants with notice of Ms. Villalpando's purported legal claim and lacks a single cognizable legal theory.  There is not a single heading in the complaint which addresses a specific cause of action.  Furthermore, the complaint is laden with numerous conclusory allegations of law, all of which are unintelligible to defendants.  These

1  "allegations" are so incoherent and unintelligible that it is impossible for the defendants to discern
2  how the defendants allegedly wronged the plaintiff.  For example Ms. Villalpando pleads
3  "Libellees/Respondents failed to respond and answer and are in Collateral Estoppel, Tacit
4  Prosecution, Stare Decisis, Estoppel, by Acquiescence and Res Judicata by Agreement and cannot
5  proceed, Administrative or Judicial without committing perjury and causing further injury to the
6  injured party petitioner/libellant/claimant."  (Compl. ¶ p).
7      Because the complaint is fatally deficient, defendants request that the Court dismiss the
8  complaint in its entirety.
9      **B.    The Complaint Should Be Dismissed For Failing to Plead Averments That Are "Simple, Concise, and Direct"**
10
11     To the extent the Court does find that the complaint pleads causes of action against either
12  America's Servicing Company or Mr. Stumpf, defendants request the Court to dismiss those
13  claims for failing to plead all averments in a "simple, concise, and direct" manner as required
14  under the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 8(e).
15     "Rule 8(e) requiring each averment of a pleading to be 'simple, concise, and direct'
16  applies to good claims as well as bad, and *is the basis for dismissal independent of Rule 12(b)(6).*
17  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (emphasis added; citations omitted).  In
18  *McHenry* the Ninth Circuit confirmed the District Court's dismissal of the complaint, noting that
19  "prolix, confusing complaints . . . impose unfair burdens on litigants and judges."  *Id.*
20     Here, Ms. Villalpando's complaint or, as she titles it a "Petition for Libel Review Of An
21  Administrative Judgment," is confusing, wordy, and indirect.  Although eight pages long, the
22  complaint does not make a single comprehensible allegation against the defendants.  Instead, the
23  complaint consists of non-sequitur sentences and nonsensical paragraphs, none of which meet
24  Rule 8(e)'s pleading requirements.  Therefore, defendants request that the Court dismiss all
25  claims for failing to comply with Rule 8(e).
26  ///
27  ///
28  ///

### C. The Complaint is So Vague And Ambiguous That Defendants Are Unable To File A Responsive Pleading

In the alternative to the requests for dismissal of the complaint, Defendants move the Court for an order requiring plaintiff to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e).

Federal Rules of Civil Procedure provide that "[i]f a pleading to which a responsive pleading is permitted is *so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading*, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e) (emphasis added).  A Rule 12(e) motion is proper where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. Cal 1981); *see also Cellars v. Pacific Coast Packaging*, 189 F.R.D. 575, 578 (N.D. Cal. 1999).

The Ninth Circuit Court of Appeals has held that a plaintiff is not required to state the statutory or constitutional basis for his claim, but is required to state the facts underlying it. *McHenry v. Renne*, 84 F.3d at 1179 (citing *McCalden v. California Library Ass'n*, 955 F.2d 1214, 123-24 (9th Cir. 1990)).  But even if a complaint is "not defective for failure to designate the statute of other provision of law violated, the judge may in his discretion, in response to a motion for a more definite statement . . . require such detail as may be appropriate in the particular case, and may dismiss the complaint if his order is violated." 84 F.3d at 1179 (citing Fed. R. Civ. P. 41(b)).

In *McHenry* the Ninth Circuit confirmed the dismissal of plaintiff's complaint with prejudice because plaintiff, after three opportunities to amend, failed to amend the complaint to give the defendant's a fair opportunity to frame a responsive pleading.  84 F.3d at 1174.   The Court emphasized that one could not "determine from the complaint *who is being sued, for what relief, and on what theory, with enough detail to guide discovery*." 84 F.3d at 1178.

Ms. Villalpando has failed to allege any facts which would enable defendants to determine what claim, if any, she asserts and against which defendant such claims are being asserted.  The unintelligible language, incomprehensible allegations, the lack of specific understandable facts,

- 6 -

1  and overall confusing structure of the complaint makes it impossible for defendants to respond in
2  any manner other than the instant motion.
3      Even the relief Ms. Villalpando requests from the Court is unascertainable.  Ms.
4  Villalapando requests the Court to "order, cancels, any and all liens that America's Servicing
5  Company has recorded against Hilda Ramos Villalpando, US Cessel, of derivatives of the Eng
6  Legis, thereof at the Solano County Recorder and/or the California Secretary of State, UCC
7  Section."  (Compl. ¶ C, pp. 8).  Even if Ms. Villalpando was entitled to recovery under an
8  unknown claim, defendants cannot possibly comply with a demand that makes no sense and
9  cannot be understood.
10      Without further detail, defendants have not been put on notice of what claims are asserted
11  against them and cannot be reasonably expected to formulate a responsive pleading.  Thus,
12  defendants request the Court to grant its motion for a more definite statement.

### IV.  CONCLUSION

14      For all the reasons stated above, defendants request that this Court grant its motion to
15  dismiss the complaint in its entirety for failure to state a claim upon which relief can be granted,
16  for failing to plead averments that are simple, concise and direct.  In the alternative, defendants
17  request the Court to grant its motion for a more definite statement.

DATED:  February 4, 2008

SEVERSON & WERSON
A Professional Corporation

By:     /s/ Maureen A. Rodgers
        Maureen A. Rodgers

Attorneys for Defendants
America's Servicing Company and John Stumpf

- 7 -
07725/0083/657379.1     Notice of Mtn.; Defendants' MPA in Support of Motion to Dismiss
Case No.: CV-07-5901 EMC

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of San Francisco, California; my business address is Severson & Werson, One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On the date below I served a copy, with all exhibits, of the following document(s):

**NOTICE OF MOTION; DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT**

on all interested parties in said case addressed as follows:

Hilda Ramos Villalpando
920-922 Newgate Way
Dixon, CA  95620-2412

*Plaintiff in pro per*

✗ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California in sealed envelopes with postage fully prepaid.

¨ **(BY HAND)** By placing the documents in an envelope or package addressed to the persons listed above and providing them to a professional messenger service for delivery.

¨ **(BY FEDERAL EXPRESS)** By depositing copies of the above documents in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for.

¨ **(BY EXPRESS MAIL)** By placing the above documents in the United States mail for Express Mail delivery at One Embarcadero Center, Suite 2600, San Francisco, CA 94111, in a sealed envelope addressed as above, with Express Mail postage thereon fully prepaid.

¨ **(BY FAX)** By use of facsimile machine telephone number (415) 956-0439, I faxed a true copy to the addressee(s) listed above at the facsimile number(s) noted after the party's address. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in San Francisco, California, on February 4, 2008.

/s/ *Marilyn Li*
Marilyn Li