

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | NORTHERN DISTRICT OF CALIFORNIA | |

| | | |
|---|---|---|
| 5 | HILDA RAMOS VILLALPANDO, | ) Case No.: No. CV-07-5901 SI |
| 6 | C/o 920-922 Newgate Way, | ) AMMENDED COMPLAIN |
| 7 | Dixon, California Zip Code Exempt, | ) March 14th, 2008 |
| 8 | Libellant, | ) |
| 9 | vs. | ) |
| 10 | AMERICA'S SERVICING COMPANY, et. Al. | ) |
| 11 | C/o One Embarcadero Center, Suite 2600 | ) |
| 12 | San Francisco, California [94111] | ) |
| 13 | Libellee, | ) |

15          AMMENDED COMPLAINT

16    Now, by special appearance, comes Hilda: Ramos Villalpando, the flesh
17 and blood woman, Sui Juris and unschooled in law, hereinafter referred to as
18 me, my, I, or the like, to make the following AFFIDAVIT with clean hands,
19 full disclosure and no intent to defraud, furthermore, the following first
20 hand asseverations are true, complete, certain and not meant to mislead or
21 delay. NOTICE is hereby given of the AMMENDED COMPLAINT and MOTION HEARING of
22 March 14th, 2008 at 9:00am in courtroom number ten of the United States
23 District Court for the Northern District of California, located at 450 Golden
24 Gate Avenue, San Francisco, California.

JURISDICTION: This is a breech of agreement matter. Defendant is a National Bank chartered under the laws of the United States.

1.)   I am of legal age, competent to testify and under no legal disability.

2.)   Libellant has filed an action for declaratory judgment.

3.)   Libellant has exhausted his administrative remedies in this instant matter.

4.)   Libellant seeks a default judgment as libellees have failed to rebut the complaint.

5.)   Averments of an attorney are not first hand evidence and serve as hearsay testimony, which is not admissible.

6.)   I have perfected an administrative COUNTERCLAIM procedure to exhaust my administrative remedies in this instant matter, see Notary Protest.

OVERVIEW OF FACTS

7.)   On September 27, 2007 Libellees sent a presentment to me demanding payment of a sum certain.

8.)   I conditionally accepted that presentment upon AMERICA'S SERVICING COMPANY continuing fiduciary duty to deal honestly and answer questions about the underlying obligation.

9.)   The RECORD shows that AMERICA'S SERVICING COMPANY refused and/or failed to provide the requested proof of claim including but not limited to:

   a.) Provide the original note, both back and front, upon which the purported obligation arises,
   b.) Provide evidence in the form of your book keeping entries that show where the "funds" originated.
   c.) The injured party petitioner/libellant/Claimant, exhausted his Administrative Remedy and served the Libellee/Respondent, AMERICA'S SERVICING COMPANY, a Conditional Acceptance of their claim upon submitting Proof of claim.
   d) The injured party petitioner/libellant/Claimant served, in Honor, a Letter Rogatory to show their documents of their claim.

e.) The injured party petitioner/libellant/Claimant served an Affidavit, by this injured party declaring, Affiant had not seen or been presented with any material fact or evidence of a claim and believed none exists.

f.) The above three (3) documents were served by First Class U.S. Mail, Certified Mail # 7006 3450 0001 7281 6138, Return Receipt Requested on the Libellee/Respondent, AMERICA'S SERVICING COMPANY on September 11, 2007 by Luz Maria Urzua a Notary Public of the State of California, an independent third party.

g.) The respondent received the documents on September 17, 2007 as indicated by the US. Postal Service Tracking Number.

h.) Respondent was given the mandatory 3 days to respond, not including the day of receipt, and 3 additional days for mailing their reply.

i.) The time expired on September 19, 2007 with no response from the Respondent.

j.) On or before September 19, 2007, a NOTICE OF FAULT - OPPORTUNITY TO CURE was served by First Class U.S. Mail, Certified Mail # 7006 0100 0005 6078 8129, Return Receipt Requested on the Libellee/Respondent, AMERICA'S SERVICING COMPANY by Luz Maria Urzua, a Notary Public of the State of California, an independent third party.

k.) Respondent was given the mandatory 3 days to respond, not including the day of receipt, and 3 additional days for mailing their reply.

l.) The time expired on October 8, 2007 with no response from the respondent.

m.) On or before October 18, 2007, a NOTICE OF DEFAULT an CERTIFICATE OF DISHONOR, by NOTORIAL PROREST, was served by First Class U.S. Mail, Certified Mail # 7006 0100 0005 6078 8068 Return Receipt Requested on the Libellee/Respondent, AMERICA'S SERVICIGN COMPANY by Luz Maria Urzua, a Notary Public of the State of California, an independent third party.

n.) On October 18, 2007, the Libellee/Respondent, AMERICA'S SERVICING COMPANY was sent an INVOICE and NOTICE FOR DEMAND AND SETTLEMENT FOR CLOSING OF THE ESCROW by Certified Mail # 7006 0100 0005 6078 8068

      o.) The respondent received the documents; INVOICE and NOTICE FOR DEMAND AND SETTLEMENT FOR CLOSING OF THE ESCROW on October 26, 2007.

      p.) Libellee/Respondent, AMERICA'S SERVICING COMPANY was given 30 days for Settlement and for Closing of the Escrow.

      q.) The 30 days expired on November 26, 2007 without a response from the Libellee/Respondent AMERICA'S SERVICING COMPANY.

      r.) The Libellees/Respondents failed to respond and answer and are in Collateral Estoppel, Tacit Procuration, Stare Decisis, Estoppel, by Acquiescence and Res Judicata by Agreement and cannot proceed, Administrative or Judicial without committing perjury and causing further injury to the injured party petitioner/libellant/Claimant.

10.) The RECORD shows that AMERICA'S SERVICING COMPANY is now resorting to ridicule to avoid the obvious established fact that there is no debt due and owing AMERICA'S SERVICING COMPANY.

11.) I am unschooled in law and if the terms I have used are confusing I apologize and will be honored to clarify any specific definition, in doubt, to settle and close this matter in harmony with the post bankruptcy public policy of the UNITED STATES inc.

12.) AMERICA'S SERVICING COMPANY has at no time, until now, indicated any confusion with my correspondence.

13.) AMERICA'S SERVICING COMPANY has remained silent until now.

14.) AMERICA'S SERVICING COMPANY had ample opportunity to ask for a more definitive statement.

15.) The RECORD shows that no such request for a more definitive statement was executed.

16.) Federal Rules of Civil Procedure provide for default judgment by the clerk for a failure to appear and defend.

17.) A declaratory judgment establishing AMERICA'S SERVICING COMPANY default is appropriate.

18.) See enclosed OPINION AND ORDER by Judge Christopher Boyko outlining banking practice of refusing to verify claims.

My yea is my yea and my nay is my nay.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Dated this 24th day of March, 2008

*[signature]*
By: authorized representative
Without recourse

AMMENDED COMPLAINT - 5 OF 5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE FORECLOSURE CASES     ) | CASE NO. NO.1:07CV2282 |
| ) | 07CV2532 |
| ) | 07CV2560 |
| ) | 07CV2602 |
| ) | 07CV2631 |
| ) | 07CV2638 |
| ) | 07CV2681 |
| ) | 07CV2695 |
| ) | 07CV2920 |
| ) | 07CV2930 |
| ) | 07CV2949 |
| ) | 07CV2950 |
| ) | 07CV3000 |
| ) | 07CV3029 |
| ) | |
| ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| ) | |
| ) | |
| ) | **OPINION AND ORDER** |
| ) | |
| ) | |

**CHRISTOPHER A. BOYKO, J.**:

On October 10, 2007, this Court issued an Order requiring Plaintiff-Lenders in a number of pending foreclosure cases to file a copy of the executed Assignment demonstrating Plaintiff was the holder and owner of the Note and Mortgage ***as of the date the Complaint was filed***, or the Court would enter a dismissal. After considering the submissions, along with all the documents filed of record, the Court dismisses the captioned cases without prejudice. The Court has reached today's determination after a thorough review of all the relevant law and the briefs and arguments recently presented by the parties, including oral

arguments heard on Plaintiff Deutsche Bank's Motion for Reconsideration. The decision, therefore, is applicable from this date forward, and shall not have retroactive effect.

## LAW AND ANALYSIS

A party seeking to bring a case into federal court on grounds of diversity carries the burden of establishing diversity jurisdiction. *Coyne v. American Tobacco Company*, 183 F. 3d 488 (6th Cir. 1999). Further, the plaintiff "bears the burden of demonstrating standing and must plead its components with specificity." *Coyne*, 183 F. 3d at 494; *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464 (1982). The minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability. *Valley Forge*, 454 U.S. at 472. In addition, "the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted." *Coyne*, 183 F. 3d at 494 (quoting *Pestrak v. Ohio Elections Comm'n*, 926 F. 2d 573, 576 (6th Cir. 1991)). To satisfy the requirements of Article III of the United States Constitution, the plaintiff must show he has ***personally suffered some actual injury*** as a result of the illegal conduct of the defendant. (Emphasis added). *Coyne*, 183 F. 3d at 494; *Valley Forge*, 454 U.S. at 472.

In each of the above-captioned Complaints, the named Plaintiff alleges it is the holder and owner of the Note and Mortgage. However, the attached Note and Mortgage identify the mortgagee and promisee as the original lending institution — one other than the named Plaintiff. Further, the Preliminary Judicial Report attached as an exhibit to the Complaint makes no reference to the named Plaintiff in the recorded chain of title/interest. The Court's Amended General Order No. 2006-16 requires Plaintiff to submit an affidavit along with the Complaint, which identifies Plaintiff either as the original mortgage holder, or as an assignee,

trustee or successor-in-interest. Once again, the affidavits submitted in all these cases recite the averment that Plaintiff is the owner of the Note and Mortgage, without any mention of an assignment or trust or successor interest. Consequently, the very filings and submissions of the Plaintiff create a conflict. In every instance, then, Plaintiff has not satisfied its burden of demonstrating standing at the time of the filing of the Complaint.

Understandably, the Court requested clarification by requiring each Plaintiff to submit a copy of the Assignment of the Note and Mortgage, executed as of the date of the Foreclosure Complaint. In the above-captioned cases, *none* of the Assignments show the named Plaintiff to be the owner of the rights, title and interest under the Mortgage at issue as of the date of the Foreclosure Complaint. The Assignments, in every instance, express a present intent to convey all rights, title and interest in the Mortgage and the accompanying Note to the Plaintiff named in the caption of the Foreclosure Complaint upon receipt of sufficient consideration on the date the Assignment was signed and notarized. Further, the Assignment documents are all prepared by counsel for the named Plaintiffs. These proffered documents belie Plaintiffs' assertion they own the Note and Mortgage by means of a purchase which pre-dated the Complaint by days, months or years.

Plaintiff-Lenders shall take note, furthermore, that prior to the issuance of its October 10, 2007 Order, the Court considered the principles of "real party in interest," and examined Fed. R. Civ. P. 17 — "Parties Plaintiff and Defendant; Capacity" and its associated Commentary. The Rule is not *apropos* to the situation raised by these Foreclosure Complaints. The Rule's Commentary offers this explanation: "The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the

-3-

proper party to sue is difficult or when an understandable mistake has been made. ... It is, in cases of this sort, intended to insure against forfeiture and injustice ..." Plaintiff-Lenders do not allege mistake or that a party cannot be identified. Nor will Plaintiff-Lenders suffer forfeiture or injustice by the dismissal of these defective complaints otherwise than on the merits.

Moreover, this Court is obligated to carefully scrutinize all filings and pleadings in foreclosure actions, since the unique nature of real property requires contracts and transactions concerning real property to be in writing. R.C. § 1335.04. Ohio law holds that when a mortgage is assigned, moreover, the assignment is subject to the recording requirements of R.C. § 5301.25. *Creager v. Anderson* (1934), 16 Ohio Law Abs. 400 (interpreting the former statute, G.C. § 8543). "Thus, with regards to real property, before an entity assigned an interest in that property would be entitled to receive a distribution from the sale of the property, their interest therein must have been recorded in accordance with Ohio law." *In re Ochmanek*, 266 B.R. 114, 120 (Bkrtcy.N.D. Ohio 2000) (citing *Pinney v. Merchants' National Bank of Defiance*, 71 Ohio St. 173, 177 (1904).[1]

This Court acknowledges the right of banks, holding valid mortgages, to receive timely payments. And, if they do not receive timely payments, banks have the right to properly file actions on the defaulted notes — seeking foreclosure on the property securing the notes. Yet, this Court possesses the independent obligations to preserve the judicial integrity of the federal court and to jealously guard federal jurisdiction. Neither the fluidity of

---

[1] Astoundingly, counsel at oral argument stated that his client, the purchaser from the original mortgagee, acquired complete legal and equitable interest in land when money changed hands, even before the purchase agreement, let alone a proper assignment, made its way into his client's possession.

the secondary mortgage market, nor monetary or economic considerations of the parties, nor the convenience of the litigants supersede those obligations.

Despite Plaintiffs' counsel's belief that "there appears to be some level of disagreement and/or misunderstanding amongst professionals, borrowers, attorneys and members of the judiciary," the Court does not require instruction and is not operating under any misapprehension. The "real party in interest" rule, to which the Plaintiff-Lenders continually refer in their responses or motions, is clearly comprehended by the Court and is not intended to assist banks in avoiding traditional federal diversity requirements.[2] Unlike Ohio State law and procedure, as Plaintiffs perceive it, the federal judicial system need not, and will not, be "forgiving in this regard."[3]

---

[2]

Plaintiff's reliance on Ohio's "real party in interest rule" (ORCP 17) and on any Ohio case citations is misplaced. Although Ohio law guides federal courts on substantive issues, state procedural law cannot be used to explain, modify or contradict a federal rule of procedure, which purpose is clearly spelled out in the Commentary. "In federal diversity actions, state law governs substantive issues and federal law governs procedural issues." *Erie R.R. Co. v. Tompkins*, 304 U.S. 63 (1938); *Legg v. Chopra*, 286 F. 3d 286, 289 (6th Cir. 2002); *Gafford v. General Electric Company*, 997 F. 2d 150, 165-6 (6th Cir. 1993).

[3]

Plaintiff's, "Judge, you just don't understand how things work," argument reveals a condescending mindset and quasi-monopolistic system where financial institutions have traditionally controlled, and still control, the foreclosure process. Typically, the homeowner who finds himself/herself in financial straits, fails to make the required mortgage payments and faces a foreclosure suit, is not interested in testing state or federal jurisdictional requirements, either *pro se* or through counsel. Their focus is either, "how do I save my home," or "if I have to give it up, I'll simply leave and find somewhere else to live."

In the meantime, the financial institutions or successors/assignees rush to foreclose, obtain a default judgment and then sit on the deed, avoiding responsibility for maintaining the property while reaping the financial benefits of interest running on a judgment. The financial institutions know the law charges the one with title (still the homeowner) with maintaining the property.

There is no doubt every decision made by a financial institution in the foreclosure process is driven by money. And the legal work which flows from winning the financial institution's favor is highly lucrative. There is nothing improper or wrong with financial institutions or law firms making a profit — to the contrary, they should be rewarded for sound business and legal practices. However, unchallenged by underfinanced opponents, the institutions worry less about jurisdictional requirements and more about maximizing returns. Unlike the focus of financial institutions, the federal courts must act as gatekeepers, assuring that only those who meet diversity and standing requirements are allowed to pass through. Counsel for the institutions are not without legal argument to support their position, but their arguments fall woefully short of justifying their premature filings, and utterly fail to satisfy their standing

## CONCLUSION

For all the foregoing reasons, the above-captioned Foreclosure Complaints are dismissed without prejudice.

**IT IS SO ORDERED.**

**DATE: October 31, 2007**

                                        <u>S/Christopher A. Boyko</u>
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

---

and jurisdictional burdens. The institutions seem to adopt the attitude that since they have been doing this for so long, unchallenged, this practice equates with legal compliance. Finally put to the test, their weak legal arguments compel the Court to stop them at the gate.
    The Court will illustrate in simple terms its decision: "Fluidity of the market" — "X" dollars, "contractual arrangements between institutions and counsel" — "X" dollars, "purchasing mortgages in bulk and securitizing" — "X" dollars, "rush to file, slow to record after judgment" — "X" dollars, "the jurisdictional integrity of United States District Court" — "Priceless."