MICHAEL STEINER (State Bar No. 112079)
mjs@severson.com
MAUREEN A. RODGERS (State Bar No. 245876)
mar@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
AMERICA'S SERVICING COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA RAMOS VILLALPANDO,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>AMERICA'S SERVICING COMPANY,<br><br>　　　　　　Defendant. | Case No.: CV-07-5901 SI<br><br>**NOTICE OF MOTION; DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>**Accompanying Documents:** [Proposed] Order<br><br>Hearing Date: May 30, 2008<br>Time:　　9:00 a.m.<br>Dept.:　　Courtroom 10, 19th Floor<br>Judge:　　Susan Illston<br><br>Complaint Date:　Nov. 21, 2007<br>Trial Date:　　　None |

**TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that on May 30, 2008 at 9 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10 of the above entitled court, the Honorable Susan Illston presiding, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, Defendant America's Servicing Company ("ASC"), will and hereby does move for an order dismissing Plaintiff's amended complaint with prejudice.

The motion is made pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1):

- The amended complaint fails to state a claim against ASC upon which relief can

1  be granted. FED. R. CIV. P. 12(b)(6).

2  • The amended complaint fails to allege any basis for federal subject matter

3  jurisdiction. FED. R. CIV. P. 12(b)(1) and 12(b)(6).

4  This motion is based upon this notice of motion, the attached memorandum of points and

5  authorities, the pleadings and records on file herein, and such other oral and written material as

6  may be presented at the hearing of this motion.

- 2 -

# DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This Court already dismissed Plaintiff's first pleading for failure to state a claim upon which relief can be granted. In dosing so the Court carefully instructed plaintiff to provide a clear statement of the legal and factual basis of her claims, and the basis for federal court jurisdiction. Plaintiff has ignored those instructions. Her amended complaint is long on disjointed pseudo-legalese, and devoid of intelligible facts. It should be dismissed with prejudice.

While referring to a breach of contract claim, the amended complaint identifies neither the terms of any pertinent contract nor any facts to show how those terms were supposedly breached. In fact, the amended complaint, just like its predecessor, is entirely incomprehensible. With incoherent sentences, non-sequitur references to legal doctrines, and no intelligible facts to support any claim, Plaintiff's amended complaint is factually and legally deficient. Accordingly, it cannot survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Plaintiff also completely ignored Judge Illston's March 7, 2008 order (Docket No. 17) by failing to allege any basis for federal subject matter jurisdiction. Accordingly, this Court should also dismiss Plaintiff's amended complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## II.   STATEMENT OF FACTS

### A.   Case History

On November 21, 2007, plaintiff-in-pro-per filed a "Petition for Libel Review of an Administrative Judgment," which appeared to be plaintiff's attempt to file a lawsuit against ASC.[1] Plaintiff based her request for relief on the "law of the flag," "Libel of Review," "Public Vessels Act," "Bills of Lading Act," and the "Doctrines of Estoppel," but failed to plead any facts to substantiate those supposed claims. Accordingly, ASC filed a motion to dismiss the complaint, or alternatively for a more definite statement. (Docket No. 7).

---

[1] The Petition also named John Stumpf as a Defendant. The amended complaint does not.

-1-

On March 7, 2008, Judge Illston granted the motion to dismiss with leave to amend and ordered that any amended complaint must: "(1) state the basis for federal jurisdiction; (2) specifically identify the claims that plaintiff is asserting (for example, if plaintiff is suing under a federal or state statute, the complaint shall identify the statute); (3) state, as clearly as possible, the facts giving rise to the complaint, including the dates upon which the events occurred; and (4) state the relief that plaintiff seeks." (Docket No. 17).

On March 24, 2008, plaintiff filed an amended complaint.[2] (Docket No. 20). And on March 31, Plaintiff filed two "Notices of Appointment of Co-Fiduciary Trustee," by which she appointed both Judge Illston and opposing counsel as her "trustees" for the purpose of settling "any outstanding debt owed [to] America's Servicing Company." (Docket No. 23-24).

On April 7, 2008, Plaintiff failed to appear at the initial case management conference.

### B.  Facts of Amended Complaint

Like her first complaint, Plaintiff's amended complaint is entirely incomprehensible. Nevertheless, ASC has garnered the following facts from the amended complaint.

Plaintiff asserts that on September 27, 2007 the "Libellees," which presumably refers to ASC, sent a "presentment," which she does not define, to Plaintiff "demanding payment of a certain sum." (Am. Compl. ¶ 7). Plaintiff claims that she "conditionally accepted that presentment" due to ASC's "continuing fiduciary duty to deal honestly and answer questions about the underlying obligation." (Am. Compl. ¶ 8). Plaintiff does not describe how or why this duty is owed, or what the obligation entails.

At some point in time, Plaintiff alleges that ASC "refused and/or failed to provide the requested proof of claim." (Am. Compl. ¶ 9). Although not identifying what the "proof of claim" is, Plaintiff claims that she exhausted her "administrative remedy," and served Defendant with a "Conditional Acceptance of their claim upon submitting Proof of claim," a "Letter Rogatory," and an "Affidavit." (Am. Compl. ¶ 9(c-e)).

---

[2] Plaintiff also filed for Chapter 13 bankruptcy on March 11, 2008 in the Northern District, Case No. 08-30387DM. On March 21, 2008, Judge Montali ordered the case transferred to the Eastern District of California, where Plaintiff resides.

Plaintiff alleges that ASC failed to respond to these documents within the requisite three-day-time-period. (Am. Compl. ¶ 9 (h-l)). Accordingly, she served a "NOTICE OF DEFAULT AND CERTIFICATE OF DISHONOR," an "INVOICE" and "NOTICE FOR DEMAND AND SETTLEMENT FOR CLOSING OF THE ESCROW." (Am. Compl. ¶ 9(m-n)). Because ASC allegedly did not respond within 30 days to those documents, Plaintiff alleges Defendant is "in Collateral Estoppel, Tacit Procuration, Stare Decisis, Estoppel, by Acquiescence and Res Judicata by Agreement and cannot proceed, Administrative or Judicial without committing perjury and causing further inquiry to the injured party. . ." (Am. Compl. ¶ 9 (r)). She also contends that a default judgment should be issued for "failure to appear and defend." (Am. Compl. ¶ 16-17).

### III.   LEGAL ARGUMENT

**A.   The Amended Complaint Fails to State A Claim Upon Which Relief Can Be Granted Because Plaintiff Presents No Intelligible Facts or Legal Theories Demonstrating Her Entitlement to Relief**

The court should grant a 12(b)(6) motion to dismiss when the complaint either lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)). To survive a motion to dismiss, a complaint must "put defendants fairly on notice of the claims against them." *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F.Supp.2d 1096, 1101 (9th Cir. 2003) (citing *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991)). The plaintiff has an obligation to "provide the 'grounds' of his entitle[ment] to relief,'" which requires "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007).

When evaluating a 12(b)(6) motion to dismiss, the court must accept as true all material allegations in the complaint. *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 338 (9th Cir. 1996). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022, 1035 (9th Cir. 2005); *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981). The Court also cannot

- 3 -

consider facts which are not in the complaint. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

This Court should dismiss Plaintiff's amended complaint with prejudice for the simple reason that it is entirely incomprehensible.[3]  Although she has filed 8 documents, in addition to the amended complaint, the substantive basis for Plaintiff's claims remains a mystery.

In the amended complaint, Plaintiff has alleged no intelligible facts or legal theories demonstrating her entitlement to relief.  While Plaintiff states at one point that she alleges a breach of contract claim, (Am. Compl. (before ¶ 1)), Plaintiff has not identified any agreement which ASC allegedly breached.  Nor has Plaintiff pled the terms of that agreement, or stated facts showing ASC's alleged breach.  Without such allegations, Plaintiff's claim must be dismissed. *See Parrish v. National Football League Players Ass'n*, 2007 WL 3456988, at *2 (N.D.Cal. 2007) (citing *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.,* 11 Cal.Rptr.3d 412 (Cal. App. 2004)); *Smith v. Royal Mfg. Co.*, 8 Cal. Rptr. 417, 423 (Cal. App. 1960).

The facts which Plaintiff actually alleges do not amount to a cause of action under any statute or under the common law.  ASC's alleged failure to respond to a "Letter Rogatory," a "Certificate of Dishonor," and other whimsical documents having no legal affect, does not give Plaintiff any claim for relief.  (Am. Compl. ¶ 9(c-e, m-n)).  Without stating the legal basis for her claim, Plaintiff has no claim for damages.

Moreover, Plaintiff's request for a "default judgment" is similarly non-sensical.  Plaintiff has not alleged any basis which would enable the Court to grant a default.

### B. The Amended Complaint Should Be Dismissed Because Plaintiff Failed To Allege Any Basis for Federal Subject Matter Jurisdiction

Furthermore, Plaintiff has failed to allege any basis for federal subject matter jurisdiction. Accordingly, the Court should dismiss the complaint under Federal Rule of Civil Procedure

---

[3] Interestingly, Plaintiff also filed the same "Petition" against Chase Home Finance, also in the Northern District. *See Villalpando v. Case Home Finance*, Case No. C-07-5900 MMC. The case was dismissed with prejudice on April 13, 2008.  In addition, Plaintiff's complaint appears to be almost identical (and similarly incomprehensible) to a complaint filed by a different plaintiff against Wells Fargo Bank and one of its officers.  The case was also filed in the Northern District, and was dismissed with prejudice on March 19, 2008. *See Ceron v. Wells Fargo,* Case No. 07-cv-06348 PJH.

- 4 -

12(b)(1) and 12(b)(6).

Plaintiff bears the burden of establishing federal subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 78, 183 (1936); *Stock West Inc. v. Confederate Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (federal court is presumed to lack jurisdiction unless contrary affirmative plea appears). However, Plaintiff has failed to allege any basis for federal jurisdiction.

Plaintiff has not established federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff alleges no claim under the Constitution, laws or treaties of the United States. While she references a breach of contract claim, such claims generally arise under state law, not federal law, particularly when the breach of contract claim does not implicate a substantial question of federal law. *Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 840 (9th Cir. 2004). Accordingly, the Court has no basis to exercise federal question jurisdiction over Plaintiff's amended complaint.

Plaintiff has also failed to allege a basis for diversity jurisdiction under 28 U.S.C. § 1332. Nowhere in the amended complaint does Plaintiff allege any amount in controversy, or even any damages. *See Gibbs v. Buck*, 307 U.S. 66, 71 (1939) (amount in controversy must be alleged to establish diversity jurisdiction). In addition, Plaintiff also fails to make allegations regarding the citizenship of the parties. *Rilling v. Burlington Northern Railroad Co.*, 900 F.2d 399, 400 (9th Cir. 1990) (complaint dismissed where plaintiff made no allegations in complaint respecting citizenship of the defendant or dollar amount in controversy). Accordingly, the Court should not exercise diversity jurisdiction over Plaintiff's claims.

Without federal subject matter jurisdiction, the Court should dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6).

## IV.   CONCLUSION

Plaintiff's amended complaint completely ignores Judge Illston's March 7 order. While Judge Illston ordered Plaintiff to state the basis for federal jurisdiction and identify both the legal and factual basis for her claims against ASC, Plaintiff has not done so. The amended complaint has cured none of the defects in the initial "Petition." The Court gave Plaintiff an opportunity to

provide a comprehensible statement of her claims. She has demonstrated that she cannot or will not. Accordingly, the Court should end this matter by dismissing with prejudice.

For the foregoing reasons, this Court should grant ASC's motion to dismiss the amended complaint with prejudice.

DATED: April 10, 2008

SEVERSON & WERSON
A Professional Corporation

By: /s/ Maureen A. Rodgers
Maureen A. Rodgers

Attorneys for Defendant
America's Servicing Company

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of San Francisco, California; my business address is Severson & Werson, One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On the date below I served a copy, with all exhibits, of the following document(s):

**NOTICE OF MOTION; DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS**

on all interested parties in said case addressed as follows:

Hilda Ramos Villalpando
920-922 Newgate Way
Dixon, CA 95620-2412

*Plaintiff in pro per*

☒ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California in sealed envelopes with postage fully prepaid.

☐ **(BY HAND)** By placing the documents in an envelope or package addressed to the persons listed above and providing them to a professional messenger service for delivery.

☐ **(BY FEDERAL EXPRESS)** By depositing copies of the above documents in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for.

☐ **(BY EXPRESS MAIL)** By placing the above documents in the United States mail for Express Mail delivery at One Embarcadero Center, Suite 2600, San Francisco, CA 94111, in a sealed envelope addressed as above, with Express Mail postage thereon fully prepaid.

☐ **(BY FAX)** By use of facsimile machine telephone number (415) 956-0439, I faxed a true copy to the addressee(s) listed above at the facsimile number(s) noted after the party's address. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in San Francisco, California, on April 10, 2008.

/s/ *Marilyn Li*
Marilyn Li