IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA RAMOS VILLALPANDO,<br><br>       Plaintiff,<br><br>   v.<br><br>AMERICA'S SERVICING COMPANY, *et al.*,<br><br>       Defendants.<br>_____/ | No. C 07-5901 SI<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |

Defendant's motion to dismiss the complaint is scheduled for a hearing on May 30, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. As set forth below, the Court GRANTS defendant's motion (Docket No. 28).

On November 21, 2007, plaintiff filed a "Petition for Libel of Review of an Administrative Judgment." Plaintiff's petition stated, among other things, that she seeks review of a foreign judgment and that this case involves "a constitutional matter involving a man[1] on the land complaining about theft and kidnap." Plaintiff attached numerous documents to the petition, including a "conditional acceptance," a "letter rogatory," and several affidavits. The petition stated that "all parties are U.S. Vessels" and that the Public Vessels Act applies to this case. The petition also stated that the complaint was brought under admiralty law, and sought over 40 million dollars in damages.

By order filed March 7, 2008, the Court granted defendant's motion to dismiss the complaint and granted plaintiff leave to amend. The Court found that plaintiff had failed to state a claim for which

---

[1] Although plaintiff's subsequent pleadings have referred to herself as a woman, the initial petition referred to plaintiff as a man.

1 relief can be granted because the Court could not determine the factual or legal bases for plaintiff's
2 claims. The Court instructed plaintiff that any amended complaint must (1) state the basis for federal
3 jurisdiction; (2) specifically identify the claims that plaintiff is asserting (for example, if plaintiff is
4 suing under a federal or state statute, the complaint shall identify that statute); (3) state, as clearly as
5 possible, the facts giving rise to the complaint, including the dates upon which the events occurred; and
6 (4) state the relief that plaintiff seeks. Plaintiff filed an amended complaint, and defendant has moved
7 to dismiss the amended complaint. Plaintiff has not filed an opposition to the motion.

8 Plaintiff's amended complaint states that she is a "flesh and blood woman, Sui Juris and
9 unschooled in law," and that she has "perfected an administrative counterclaim procedure to exhaust
10 [her] administrative remedies in this instant matter." Amended Complaint ¶ 6. The amended complaint
11 states that "this is a breach of agreement matter," and that on September 27, 2007, "Libellees sent a
12 presentment to me demanding payment of a sum certain." *Id*. ¶ 7. The amended complaint states that
13 plaintiff sent several documents to defendant America's Servicing Company, including a "Conditional
14 Acceptance of their claim upon submitting Proof of claim," a "Letter Rogatory," and an affidavit. *Id*.
15 ¶ 9(c)-(e). The complaint alleges that plaintiff did not receive a response, and that then plaintiff sent
16 defendant a "Notice of Default an[d] Certificate of Dishonor, by Notorial Protest," and an "Invoice and
17 Notice for Demand and Settlement for Closing of the Escrow." *Id*. ¶ 9(m)-(n). The complaint states,
18 "[t]he Libellees/Respondents failed to respond and answer and are in Collateral Estoppel, Tacit
19 Procuration, Stare Decisis, Estoppel, by Acquiescence and Res Judicata by Agreement and cannot
20 proceed, Administrative or Judicial without committing perjury and causing further injury to the injured
21 party petitioner/libellant/Claimant." *Id*. ¶ 9(r). Plaintiff attached to the amended complaint an order in
22 *In re Foreclosure Cases*, in which Judge Boyko of the United States District Court, Northern District
23 of Ohio, dismisses without prejudice a number of foreclosure cases. It does not appear that there is any
24 connection between plaintiff's case and the Ohio actions.

25 Defendant America's Servicing Company has moved to dismiss the amended complaint for
26 failure to state a claim. Plaintiff did not file an opposition to the motion. Since filing the amended
27 complaint plaintiff has, however, filed two "Notices of Appointment of Fiduciary Trustee." In the
28 "Notices" plaintiff has "appointed" the undersigned and opposing counsel as "co-fiduciary trustee[s]

2

for the purpose of using my exemption to settle and close any outstanding debt owed" to defendant. *See* Docket Nos. 23 & 24.

Although plaintiff is representing herself,[2] plaintiff is still required to comply with the Federal Rules of Civil Procedure and the Court's orders. The Court's March 7, 2008 order provided specific guidance to plaintiff regarding the filing of an amended complaint, yet plaintiff's amended complaint does not provide sufficient facts regarding plaintiff's claims, nor does it state the basis for federal jurisdiction or specifically identify the claims that plaintiff is alleging. Because plaintiff has not cured the deficiencies in the complaint, the Court finds it appropriate to dismiss the amended complaint without leave to amend.

**IT IS SO ORDERED.**

Dated: May 27, 2008

SUSAN ILLSTON
United States District Judge

---

[2] The Court notes that although plaintiff is representing herself, a number of cases have been filed in the Northern District of California containing virtually identical pleadings as those filed in this case.

3